IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ALBERTO DURAN, JR.,**

    **Plaintiff,**

**v.**                                                                                                           **No. 12-cv-0739 SMV**

**CAROLYN COLVIN,[1]**
**Acting Comm'r of SSA,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Reverse or Remand Administrative Agency Decision [Doc. 22] and supporting memorandum [Doc. 23] (collectively, "MRR"), filed on February 25, 2013. The Commissioner responded on April 25, 2013. [Doc. 24]. Plaintiff replied on May 13, 2013. [Doc. 25]. On November 9, 2012, the parties consented to the undersigned's entering final judgment in this case. [Doc. 12]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the Administrative Law Judge ("ALJ") failed to apply the correct legal standards in evaluating the treating physician's opinion. The Court further finds that the ALJ impermissibly relied on the testimony of the Vocational Expert ("VE") without first resolving the conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT"). Therefore, the MRR will be granted, and the case will be remanded for further proceedings consistent with this opinion.

---

[1] On February 14, 2013, Carolyn Colvin became the Acting Commissioner of Social Security and will, therefore, be substituted for Commissioner Michael J. Astrue as Defendant in this action. *See* Fed. R. Civ. P. 25(d)(1) (permitting such substitutions).

## I.   Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision[2] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted). Courts must meticulously review the entire record, but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005).

---

[2] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. §§ 404.981, 416.1481. This case fits the general framework, and therefore, the Court reviews the ALJ's decision as the Commissioner's final decision.

"The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## II.   Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 405.1505(a), 416.905(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) he is not engaged in "substantial gainful activity;" *and* (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) his impairment(s) either meet or equal one of the Listings[3] of presumptively disabling impairments; *or* (4) he is unable to perform his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If he cannot show that his impairment meets or equals a Listing, but he proves that he is unable to perform his "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to

---

[3] 20 C.F.R. pt. 404, subpt. P, app. 1.

show that the claimant is able to perform other work in the national economy, considering his residual functional capacity ("RFC"), age, education, and work experience. *Id.*

### III. Procedural Background

Plaintiff applied for a period of disability and disability insurance benefits on April 6, 2009, and for supplement security income on April 20, 2009. Tr. 12. Plaintiff alleged a disability onset date of January 1, 2009. *Id.* His claims were denied initially and on reconsideration. *Id.* Plaintiff requested a hearing before an ALJ. *Id.* ALJ Ann Farris held a hearing on March 2, 2011, in Albuquerque, New Mexico. Tr. 25. Plaintiff and his attorney, Michael Armstrong, appeared in person. Tr. 27. The ALJ took testimony from Plaintiff and an impartial VE Thomas Greiner, who appeared by telephone. Tr. 27, 49−53. She also considered the evidence of record, which included, among other things, two Medical Assessments of Ability to do Work-Related Activities—one physical and one non-physical—completed by Plaintiff's treating physician Mark Crawford, M.D., on February 24, 2011. Tr. 18; *see* Tr. 398−99 (Dr. Crawford's assessments).

The ALJ issued her unfavorable decision on April 8, 2011. Tr. 12–20. At step one, she found that Plaintiff had not engaged in substantial, gainful activity since January 1, 2009, the alleged onset date. Tr. 14. Next, at step two, she found that Plaintiff suffered from the following severe impairments: degenerative disc disease of the lumbar spine, status post fusion. *Id.* At step three, she found that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 15.

Because none of Plaintiff's impairments met a Listing, the ALJ went on to assess Plaintiff's RFC.  Tr. 16–18.

> [Plaintiff has] the [RFC] to perform sedentary work as defined in 20 [C.F.R. §§] 404.1567(a) and 416.967(a) except the claimant must alternate sitting and standing approximately every 30 minutes; can perform no climbing, balancing, kneeling, crouching or crawling; can stoop only to sit; requires cane when walking; and should have no interaction with the public.

Tr. 16.  In making her RFC assessment, the ALJ explained that she accorded "little weight" to Dr. Crawford's opinions regarding the severity of Plaintiff's alleged impairments "[d]ue to the contrary opinions of the agency physicians, including consideration of the bases upon which they formed their contrary opinions."  Tr. 18.

At step four, the ALJ found that Plaintiff was not able to perform any of his past relevant work.  Tr. 18.  Accordingly, she proceeded to step five, where she relied on testimony by the VE to find that based on Plaintiff's age, education, work experience, and RFC, he was capable of performing other jobs that exist in significant numbers in the national economy.  Tr. 19.

Ultimately, the ALJ found that Plaintiff was not disabled as defined by the Social Security Act, and she denied the claim.  Tr. 20.  The Appeals Council denied Plaintiff's request for review on May 10, 2012.  Tr. 1−5.  Plaintiff timely filed the instant action on July 9, 2012.  [Doc. 1].

## IV.   Analysis

The MRR will be granted, and the case will be remanded to the Commissioner on two grounds.  First, the ALJ failed to apply the correct legal standards in evaluating Dr. Crawford's

5

opinion. Second, the ALJ impermissibly relied on the testimony of the VE without first resolving the conflict between the VE's testimony and the DOT.

### A. The ALJ failed to apply the correct legal standards in evaluating Dr. Crawford's opinion.

Plaintiff contends that the ALJ failed to apply the correct legal standards in evaluating Dr. Crawford's opinion, [Doc. 23] at 7–9. The Commissioner argues that the ALJ properly gave Dr. Crawford's opinion little weight, and she offers reasons that were not identified by the ALJ herself. *Compare* [Doc. 24] at 5–6 (Commissioner's reasons), *with* Tr. 18 (ALJ's reasons). Plaintiff is correct, and remand is warranted.

Social Security regulations require that, in determining disability, the opinions of treating physicians be given controlling weight when those opinions are well-supported by the medical evidence and are consistent with the record. 20 C.F.R. §§ 404.1527(c)(2); 416.927(c)(2). This is known as the "treating physician rule." *Langley*, 373 F.3d at 1119. The idea is that a treating physician provides a "unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations," and therefore, a treating physician's opinion merits controlling weight. *Doyal v. Barnhart*, 331 F.3d 758, 762 (10th Cir. 2003).

Treating physician opinions—in order to receive controlling weight—must be both supported by medical evidence and consistent with the record. If not, the opinions may not merit controlling weight but still must be given deference and must be weighed using the following six factors:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003); *see* 20 C.F.R. §§ 404.1527(c), 416.927(c). However, not every factor is applicable in every case, nor should all six factors be seen as absolutely necessary. What is absolutely necessary, though, is that the ALJ give good reasons—reasons that are "sufficiently specific to [be] clear to any subsequent reviewers"—for the weight that she ultimately assigns to the opinions. *Langley*, 373 F.3d at 1119; *see* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *Branum v. Barnhart*, 385 F.3d 1268, 1275 (10th Cir. 2004).

In sum, when properly rejecting a treating physician's opinion, an ALJ must follow two steps. First, the ALJ must find that the opinion (a) is not supported by medical evidence and/or (b) is not consistent with the record. Second, the ALJ must still give deference to the opinion and weigh it according to the factors listed above. Like all findings, an ALJ's findings in these two steps must be supported by substantial evidence.

Here, the ALJ failed to follow either step. The ALJ rejected Dr. Crawford's opinion because the ALJ found that it conflicted with the opinions of the agency physicians. She made no finding at all on whether Dr. Crawford's opinion was (a) supported by medical evidence or (b) consistent with the record. Similarly, the ALJ failed to weigh Dr. Crawford's opinion according to the *Watkins* factors.

The Commissioner argues that the ALJ properly gave Dr. Crawford's opinions little weight because "two years"[4] had passed between Plaintiff's last visit with Dr. Crawford and the doctor's opinions, because the opinions were not accompanied by any supporting documentation, and because the opinions were not consistent with Dr. Crawford's own previous findings.[5]  [Doc. 24] at 5–7.  Of course, none of these reasons was provided by the ALJ.  Rather, she rejected Dr. Crawford's opinions because she found them "contrary to the opinions of the agency physicians, including consideration of the bases upon which they formed their contrary opinions[.]"  Tr. 18.

Reviewing courts may only evaluate an ALJ's decision "based solely on the reasons stated in the decision."  *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004).  It would be improper for a reviewing court to "supply[] possible reasons" for an ALJ's decision after the fact.  *Id.*  A court may not make a "post hoc effort to salvage [an] ALJ's decision" because such an effort would thrust the court beyond its proper role of judicial review and into the exclusive domain of the administrative agency as defined by Congress.  *Id.* at 1084–85 (quoting *Allen v. Barnhart*, 357 F. 3d 1140, 1142 (10th Cir. 2004)).  This Court, therefore, may only consider the reasons provided by the ALJ herself and may not consider the post hoc support offered by the Commissioner.

---

[4]  Actually, the record reflects that slightly less than one year and four months had passed between Plaintiff's November 5, 2009 visit with Dr. Crawford and the doctor's February 24, 2011 assessments.  Tr.  358, 398–99.  In any event, however, the ALJ herself did not refer to this time period in rejecting Dr. Crawford's opinions.  Tr. 18.  Thus, the time period—however long it may be—is irrelevant.

[5]  The Commissioner also cites to case law addressing whether or not a medical source is properly considered a "treating" physician.  [Doc. 24] at 6–7.  However, she makes no express argument that Dr. Crawford was not Plaintiff's treating physician, *see id.*, and there is no indication in the record that Dr. Crawford has been considered anything but Plaintiff's treating physician, *see* Tr. 17 (ALJ's referring to multiple visits with Dr. Crawford), Tr. 278–85, 309–20, 333–44, 351–58 (Dr. Crawford's records).

Here, the ALJ failed to apply the correct legal standards in evaluating Dr. Crawford's opinion, and the Commissioner's impermissible post hoc explanation fails to remedy the error. Remand is required. Additionally, because Dr. Crawford's opinions will necessarily be reconsidered on remand, the Court need not address Plaintiff's argument regarding whether Dr. Crawford's opinions are consistent with Dr. Werner's and Dr. Brady's opinions. *See* [Doc. 23] at 8.

### B. The ALJ failed to apply the correct legal standards in evaluating the VE's testimony at step five.

Plaintiff argues that the ALJ impermissibly failed to ask the VE whether his testimony conflicted with the DOT and also failed to resolve such a conflict. [Doc. 23] at 9–11. Specifically, the sit-stand option in Plaintiff's RFC is not accounted for in DOT's description of the jobs cited by the VE, an inconsistency found by the ALJ herself. *See* Tr. 19. The Commissioner counters that the ALJ was permitted to rely on the VE's testimony irrespective of any conflict with the DOT "provided that the record reflects an adequate basis for doing so." [Doc. 24] at 8 (quoting *Carey v. Apfel*, 230 F.3d 131, 146 (5th Cir. 2000)). She continues that the Court may not second-guess the reasonableness of the VE's opinion, which constitutes substantial evidence for the ALJ's step-five determination. *Id.* Plaintiff replies that *Carey* has been superseded by Social Security Ruling 00-4p. [Doc. 25] at 4–5. More to the point, however, Plaintiff argues that the ALJ herself found that the VE's testimony was inconsistent with DOT but then failed to resolve the conflict. *Id.* Plaintiff is correct. The ALJ failed to resolve the conflict between the VE's testimony and the DOT, which contravened SSR 00-4p, and remand is warranted.

9

ALJs have an "affirmative responsibility" to ask VEs whether their testimony is consistent with the DOT, and "[w]hen vocational evidence provided by a [VE] is not consistent with information in the DOT, the adjudicator must *resolve* this conflict before relying on the [VE] evidence to support a determination or decision that the individual is or is not disabled." SSR 00-4p, 2000 SSR LEXIS 8, 2000 WL 1898704, at *4 (Dec. 4, 2000) (emphasis added); *see Haddock v. Apfel*, 196 F.3d 1084, 1089 (10th Cir. 1999).

Here, the ALJ asked the VE to let her know "about any variation between" his testimony and the DOT. Tr. 48. The VE agreed to do so. *Id.* The VE went on to testify and did not indicate that there was any conflict between his testimony and the DOT. *See* Tr. 48–53. However, in her written decision, the ALJ herself found that the VE's testimony was "inconsistent with the information contained in the [DOT.]" Tr. 20. The ALJ went on to say that "there [was] a reasonable explanation for the discrepancy. The DOT does not address sit/stand option [sic]." *Id.*

The Court finds that the ALJ did inquire of the VE whether his testimony was consistent with the DOT, as mandated by SSR 00-4p. The Court also finds that the ALJ, nevertheless, impermissibly relied on the VE's testimony. The ALJ found that the VE's testimony conflicted with the DOT, but she failed to resolve the conflict. Identifying that the DOT does not address a sit-stand option (such as that required by Plaintiff) does nothing to *resolve* the conflict. This constitutes reversible error that must be addressed on remand.

## V. Conclusion

Remand is necessary for proper consideration of Dr. Crawford's opinion. Remand is also necessary for proper resolution between the VE's testimony and the DOT, if they can be resolved.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse or Remand Administrative Agency Decision [Doc. 22] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Commissioner's final decision is **REVERSED**, and this case is **REMANDED** for further proceedings in accordance with this opinion.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**